**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MUSLIM ADVOCATES
P.O. Box 66408
Washington, DC 20035

AMERICANS UNITED FOR SEPARATION
OF CHURCH AND STATE
1310 L Street NW, Suite 200
Washington, DC 20005

and

SOUTHERN POVERTY LAW CENTER,
400 Washington Avenue
Montgomery, AL 36104

                                    *Plaintiffs*,

            v.

UNITED STATES DEPARTMENT OF
STATE
2201 C Street NW
Washington, DC 20530

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
3801 Nebraska Avenue NW
Washington, DC 20016

and

UNITED STATES CUSTOMS AND
BORDER PROTECTION
1300 Pennsylvania Avenue NW
Washington, DC 20004

                                    *Defendants*.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.   Plaintiffs Muslim Advocates, Americans United for Separation of Church and State ("Americans United"), and Southern Poverty Law Center ("SPLC," and collectively with Americans United and Muslim Advocates, "Plaintiffs") bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., for declaratory, injunctive, and other appropriate relief to compel the disclosure and release of documents from Defendants U.S. Department of State, U.S. Department of Homeland Security ("DHS"), and DHS's component agency, U.S. Customs and Border Protection ("CBP," and collectively with Department of State and DHS, "Defendants").

2.   On June 27, 2017, Plaintiffs submitted a FOIA request (the "Request") to Defendants seeking specific information related to the waiver provisions of Executive Order 13,780 (the "Second Executive Order," which was issued on March 6, 2017) allowing the Commissioner of CBP to determine on a case-by-case basis whether a national from one of the six majority-Muslim countries identified in the Second Executive Order may gain entry into the country. These documents and information are critical to Plaintiffs' ability to assist and advise affected travelers, and to understand the scope of the Second Executive Order's waiver provision and the extent to which the government has implemented or is implementing its policies in a discriminatory or unconstitutional manner.

3.   To date, Defendants have failed to produce a single document or any substantive response to the Request.  In short, Defendants have wholly failed to comply with their obligations under FOIA.  Plaintiffs file this lawsuit to compel the production of the documents and information they seek.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346.  This Court also has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

5.   Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).  Venue is proper because a substantial portion of the events giving rise to this action occurred in this District, and because Defendants maintain in this District records and information subject to the Request.

## PARTIES

6.   Plaintiff Muslim Advocates is a not-for-profit corporation that works to ensure civil rights for Americans of all faiths through national legal advocacy, policy engagement, and civic education.  Muslim Advocates submitted the Request that is the subject of this action and is a "person" within the meaning of 5 U.S.C. § 551(2).

7.   Plaintiff Americans United is a nonprofit educational and advocacy organization dedicated to advancing the constitutional principle of separation of church and state as the only way to ensure freedom of religion for all Americans.  Americans United submitted the Request that is the subject of this action and is a "person" within the meaning of 5 U.S.C. § 551(2).

8.   Plaintiff SPLC is a non-profit organization dedicated to fighting hate and bigotry and to seeking justice for the most vulnerable members of our society.  Through the use of public education, litigation, and other forms of advocacy, SPLC works toward a vision of equal justice and equal opportunity.  SPLC has a longstanding commitment to defending the rights of immigrants, and it provides free legal representation to immigrants who have suffered violations of their civil rights.  SPLC submitted the Request that is the subject of this action and is a "person" within the meaning of 5 U.S.C. § 551(2).

9.   Defendant Department of State is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).   Department of State is the executive department responsible for international relations and is an agency of the United States.   Department of State has possession of and control over the documents and information requested by Plaintiffs under FOIA.

10. Defendant DHS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).   DHS is the executive department responsible for enforcing federal immigration laws and is an agency of the United States.   DHS has possession of and control over the documents and information requested by Plaintiffs under FOIA.

11. Defendant CBP is a component agency of DHS and an "agency" within the meaning of 5 U.S.C. § 552(f)(1).   CBP is the component agency of DHS responsible for the management and control of the United States' borders.   CBP has possession of and control over the documents and information requested by Plaintiffs under FOIA.

## STATUTORY BACKGROUND

12. Any member of the public may request records from an agency of the United States under FOIA.   An agency that receives a FOIA request must respond in writing to the requestor within 20 business days after receipt of the request.   5 U.S.C. § 552(a)(6)(A)(i).   In its response, the agency must: inform the requestor as to whether it intends to comply with the request; provide reasons for its determination; and inform the requestor of his or her right to appeal the determination.   FOIA provides for an extension of this deadline "[i]n unusual circumstances" but limits this extension to "ten working days."   5 U.S.C. § 552(a)(6)(B)(i).

13. A FOIA requestor is deemed to have exhausted all administrative remedies if the agency fails to comply with the request within statutory time limits.   5 U.S.C. § 552(a)(6)(C)(i).

14. FOIA requires an agency to disclose in a timely manner, in response to a FOIA request, all records that do not fall within nine narrowly construed statutory exemptions.   5 U.S.C. § 552

(a)(3)(A); 5 U.S.C. § 552(b)(1)-(9). FOIA also requires an agency to make a reasonable search for responsive records. 5 U.S.C. § 552(a)(3)(C).

15. Upon a requestor's complaint, a district court has jurisdiction to enjoin an agency from withholding records and to order production of records subject to disclosure. 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

16. On January 27, 2017, President Donald Trump issued Executive Order 13,769 (the "First Executive Order"), barring persons from seven majority-Muslim countries—Iran, Iraq, Libya, Somalia, Sudan, Syria, and Yemen— from entering the United States for 90 days, indefinitely blocking refugees from Syria from entering the United States, and prohibiting all refugees from entering the United States for 120 days.

17. On March 6, 2017, President Trump issued the Second Executive Order, which was to take effect on March 16, 2017. The Second Executive Order replaced the First Executive Order, and continued its general bar to entry into the United States of persons on new visas from six majority-Muslim countries—Iran, Libya, Somalia, Sudan, Syria, and Yemen—for 90 days. Exec. Order No. 13,780 § 2(c). The Second Executive Order also reinstated the prohibition on all refugees entering the United States for 120 days, and it contained increased vetting procedures for Iraqis and a requirement that the Secretary of Homeland Security review current policies to "determine what additional procedures should be used to ensure that individuals seeking admission as refugees do not pose a threat to the security and welfare of the United States." *Id.* at § 6(a).

18. The Second Executive Order also empowers the Commissioner of CBP or his designee, with oversight from the Secretary of Homeland Security, to grant case-by-case waivers for certain individuals for whom entry into the United States would otherwise be suspended as a

result of the Second Executive Order.  *Id.* § 3(c).  The First Executive Order similarly empowered the Commissioner or his designee to grant such waivers.

19. Courts entered nationwide injunctions of sections 2(c) and 6(a) of the Second Executive Order.[1]  On June 26, 2017, the Supreme Court narrowed the scope of those injunctions, allowing implementation of sections 2(c) and 6(a) of the Second Executive Order as to persons who do not have any credible claim of a bona fide connection to persons or institutions in the United States.[2]

20. On September 24, 2017, President Trump issued a Presidential Proclamation entitled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats."  Among other things, the September 24, 2017 Proclamation put in place an indefinite bar to entry for most nationals of Iran, Libya, Somalia, Syria, and Yemen.  *See* Presidential Proclamation, Sept. 24, 2017 §§ 1(h)(ii); 2.  The Proclamation also added two countries to the list of countries whose nationals are subject to general restrictions on entry: Chad and North Korea, *see id.* §§ 2(a), (d), and imposed restrictions on entry of government officials from Venezuela.  *See id.* §§ 1(h)(ii); 2(f).

21. The September 24, 2017 Proclamation provides for a waiver process nearly identical to the waiver process under the Second Executive Order.  The Proclamation, like the Second Executive Order, permits consular officers to grant waivers on a "case-by-case" basis to allow entry of foreign nationals otherwise banned by the Proclamation.  *See id.* § 3(c).  Information

---

[1] *Hawaii v. Trump*, No. 17-00050 DKW-KSC, 2017 WL 1167383 (D. Haw. Mar. 29, 2017) (enjoining sections 2 and 6), *aff'd in substantial part*, 859 F.3d 741 (9th Cir. 2017); *Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 1018235 (D. Md. Mar. 16, 2017) (enjoining section 2(c)), *aff'd in substantial part*, 857 F.3d 554 (4th Cir. 2017).

[2] *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2088-89 (2017).

about the implementation of the waiver process is critical to Plaintiffs' ability to advise and assist

travelers who may be affected by the Second Executive Order or the Proclamation.

## PLAINTIFFS' FOIA REQUEST

22. On June 27, Plaintiffs submitted the Request to Defendants and sought expedited review

and a fee waiver.[3]  The Request seeks records created on or after January 27, 2017, concerning

interpretation, enforcement, or implementation of the waiver provisions of the Second Executive

Order by DHS, CPB, the Department of State, or any component agency of the federal

government, including, but not limited to:

a. Policies, practices, and procedures that went into effect on or after January 27, 2017, relating to criteria for evaluating individual waiver requests;

b. Policies, practices, and procedures that went into effect on or after January 27, 2017, concerning the manner in which officers should determine when an individual's waiver request should be granted;

c. Internal guidance on how to assess when denying an individual's entry "would cause undue hardship" or when "his or her entry would not pose a threat to national security and would be in the national interest";

d. The processes for accepting and adjudicating waiver requests;

e. The person or office to whom waiver requests should be directed;

f. The number of waiver requests received by the Department of State, CBP, DHS, or any other component agency of DHS;

g. The number of waiver requests granted by the Department of State, CBP, DHS, or any other component agency of DHS, and the reasoning for the grants;

h. The number of waiver requests denied by the Department of State, CBP, DHS, or any other component agency of DHS, and the reasoning for the denials;

---

[3] A copy of the Request is attached hereto as Exhibit A.

  i. Any guidance provided to CBP, DHS, or Department of State field personnel regarding the waiver provisions of the Second Executive Order;[4] and

  j. Any memoranda providing guidance for the Department of State, CBP, DHS, or any other component agency of DHS on enforcement of the waiver provisions of the Second Executive Order in light of federal court decisions granting preliminary injunctions against the implementation of the Executive Order.

## AGENCY RESPONSE AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. On July 12, 2017, in a letter sent by email ("DHS Letter"),[5] Defendant DHS acknowledged that it had received the Request on July 5, 2017, and granted Plaintiffs' request for expedited review and a fee waiver.

24. In the DHS Letter, DHS invoked a 10-day extension beyond the usual 20-day statutory limit to respond to the Request pursuant to 5 § U.S.C. 552(a)(6) and 6 C.F.R. Part 5 § 5.5(c).

25. With the 10-day extension, DHS was required to respond to the Request on or before August 4, 2017.

26. To date, Plaintiffs have received no records responsive to the Request or any substantive response to the Request from DHS.

27. To date, Plaintiffs have received no correspondence from DHS since the July 12, 2017 DHS Letter.

28. On July 11, 2017, in a letter sent by email ("CBP Letter"), Defendant CBP acknowledged that it had received the Request on July 10, 2017. [6]

---

[4] *See Q&A: Protecting the Nation from Foreign Terrorist Entry to the United States*, U.S. Dep't of Homeland Security (Mar. 6, 2017), https://www.dhs.gov/news/2017/03/06/qa-protecting-nation-foreign-terrorist-entry-united-states ("CPB has and will continue to issue any needed guidance to the field with respect to this Executive Order.").

[5] A copy of the DHS Letter is attached hereto as Exhibit B.

29. The CBP Letter neither granted nor denied Plaintiffs' request for expedited review.

30. The CBP Letter did not address Plaintiffs' request for a fee waiver, but did state that CBP "shall charge [Plaintiffs] for records in accordance with the DHS FOIA regulations outlined on the DHS website[,]" that "[b]y submitting [the Request, Plaintiffs] have agreed to pay up to $25.00 in applicable processing fees," and that "the first 100 pages are free."

31. The CBP Letter stated that FOIA "does permit" a 10-day extension of the 20-day time period to respond to requests, but did not invoke any extension.  The CBP Letter advised that "[c]urrently the average time to process a FOIA request related to 'travel/border incidents' is a minimum of 3-6 months" but did not advise whether this amount of time would be required to respond to the Request or why Plaintiffs' request for records relating to the waiver process under the Second Executive Order would be subject to any processing period for requests related to "travel/border incidents."

32. Without the 10-day extension, CBP was required to respond to the Request on or before August 7, 2017.  With the 10-day extension, CBP was required to respond to the Request on or before August 21, 2017.

33. To date, Plaintiffs have received no records responsive to the Request or any substantive response to the Request from CBP.

34. To date, Plaintiffs have received no correspondence from CBP since the July 11, 2017 CBP Letter.

---

*(footnote continued from previous page)*
      [6] A copy of the CBP Letter is attached hereto as Exhibit B.

9

35. On August 30, 2017, Plaintiffs received a letter sent by email ("State Department Letter"), from Defendant Department of State, acknowledging that it had received the Request on August 18, 2017.[7]

36. The State Department Letter granted Plaintiffs' request for a fee waiver.

37. The State Department Letter denied Plaintiffs' request for expedited review.

38. The State Department Letter provided no explanation of when Plaintiffs would receive a response to the Request.  Rather, the State Department Letter stated only that "[u]nusual circumstances (including the number and location of Department components involved in responding to [the R]equest, the volume of requested records, etc.) may arise that would require additional time to process [the R]equest[,]" and that Department of State "will notify [Plaintiffs] as soon as responsive material has been retrieved and reviewed."

39. The State Department Letter neither mentioned nor invoked the 10-day extension to respond to the Request.

40. Without a 10-day extension, Department of State was required to respond to the Request by September 18, 2017.

41. With a 10-day extension, Department of State was required to respond to the Request by October 2, 2017.

42. To date, Plaintiffs have received no records responsive to the Request nor any substantive response to the Request from the Department of State.

43. To date, Plaintiffs have received no correspondence from Department of State since the August 30, 2017 State Department Letter.

---

[7] A copy of the State Department Letter is attached hereto as Exhibit D.

10

44. Defendants have not made available any records responsive to the Request or provided any substantive response to the Request.

45. Because Defendants have failed to comply with the FOIA time-limit provision, Plaintiffs are deemed to have exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSE OF ACTION: VIOLATION OF THE FREEDOM OF INFORMATION ACT

46. Defendants have violated 5 U.S.C. § 552(a)(6)(A)-(B) and applicable regulations promulgated thereunder by failing to determine whether to comply with Plaintiffs' Request within 30 days.

47. Defendants have violated 5 U.S.C. § 552(a)(3)(A) by failing to promptly release agency records in response to Plaintiffs' Request.

48. Defendants have violated 5 U.S.C. § 552(a)(3)(C)-(D) by failing to make reasonable efforts to search for records responsive to Plaintiffs' Request.

49. Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) because Defendants continue to improperly withhold agency records in violation of FOIA.  Plaintiffs will suffer irreparable injury from, and have no adequate remedy for, Defendants' illegal withholding of government documents subject to Plaintiffs' Request.

50. Declaratory relief is authorized under 28 U.S.C. § 2201 because an actual and justiciable controversy exists regarding Defendants' improper withholding of agency records in violation of FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Muslim Advocates, Americans United, and SPLC respectfully request that judgment be entered against Defendants and that this Court:

A.  Declare that Defendants violated FOIA by failing to determine whether to comply with the Request within 30 business days and by failing to notify Plaintiffs immediately thereafter of such determination and the reasons therefor;

B.  Declare that Defendants violated FOIA by unlawfully withholding the requested records;

C.  Order Defendants to disclose the requested records to the public immediately and to make copies immediately available to Plaintiffs;

D.  Award Plaintiffs their reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.  Grant such other and further relief as this Court may deem just and proper.


Dated:  October 5, 2017

Respectfully submitted,

/s/ David J. Weiner
_____
David J. Weiner (D.C. Bar # 499806)
Charles A. Blanchard (D.C. Bar # 1022256)
Danielle Pingue (D.C. Bar # 1047971)*
ARNOLD & PORTER
   KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (fax)
david.weiner@apks.com
charles.blanchard@apks.com
danielle.pingue@apks.com
* application for admission forthcoming

Emily Newhouse Dillingham*
ARNOLD & PORTER
   KAYE SCHOLER LLP
70 West Madison Street
Chicago, IL 60602
(312) 583-2300
(312) 583-2360 (fax)
emily.dillingham@apks.com
* application for admission pending

Andrew D. Bergman*
ARNOLD & PORTER
   KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 576-2430
(713) 576-2499 (fax)
andrew.bergman@apks.com
* application for admission forthcoming

Johnathan Smith (D.C. Bar # 1029373)
Sirine Shebaya (D.C. Bar # 1019748)
MUSLIM ADVOCATES
P.O. Box 66408
Washington, DC 20035
(202) 897-2622
johnathan@muslimadvocates.org
sirine@muslimadvocates.org

Richard B. Katskee (D.C. Bar # 474250)
Eric Rothschild (D.C. Bar # forthcoming)*
AMERICANS UNITED FOR
   SEPARATION OF CHURCH AND
   STATE
1310 L Street, NW, Suite 200
Washington, DC 20005
(202) 466-3234
(202) 466-3353 (fax)
katskee@au.org
rothschild@au.org
* application for admission forthcoming